STATE OF MAINE                          SUPERIOR COURT
AROOSTOOK, ss.                          CIVIL ACTION
                                        DOCKET NO. CARSC-RE-19-70

CARRINGTON MORTGAGE SERVICES,
LLC
                    PLAINTIFF

v.                                      ORDER ON MOTION TO
                                              DISMISS
ROY L. BRISLEY
                    DEFENDANT

AND

DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT
                    PARTY-IN-
                    INTEREST


Defendant has filed a three-prong motion to dismiss related to Plaintiff's

Complaint for Foreclosure. Defendant's contentions are as follows:

1. Plaintiff is not a real party in interest to the loan;
2. Plaintiff has breached its duty of good faith; and
3. Plaintiff lacks standing to enforce the promissory note and mortgage (fashioned as a motion for judgment as a matter of law).

The motion to dismiss is **DENIED** based upon the following findings of fact and

conclusions of law related thereto:

The Plaintiff is the owner and holder of a certain promissory note in the original

principal amount of $84,042.00 given by Roy L. Brisley to Key Financial Corporation, its

successors and assigns (the "Note"). Key Financial Corporation executed an allonge

attached to the original Note, rendering the Note payable to Countrywide Bank, FSB,

which executed an endorsement appearing on the allonge to Bank of America, N.A. Thereafter, Bank of America, N.A. executed an endorsement *in blank* appearing on the allonge, rendering the Note enforceable by the party that is in possession of the original Note. The Plaintiff is the party in possession of the original Note. Therefore, Plaintiff has standing to enforce the note and is the real party in interest as it relates to the Note.

Defendant is correct that several of the purported Assignments of Mortgage were ineffective to transfer title in the Mortgage to the Plaintiff. As those assignments were ineffective, the court need not determine whether the attorney-in-fact had authority to execute the Assignments. However, the Quitclaim Assignment from Key Financial Corporation to Carrington Mortgage Services, LLC dated September 4, 2019 recorded on September 10, 2019 in Book 5934, Page 253, was effective to transfer title in the Mortgage to Plaintiff. As noted in the judgment of even date, the court finds that the former corporate officer of Key Financial Corporation did have authority to execute and deliver instruments on behalf of the corporation to wind up its affairs pursuant to Fla. Stat. § 607.1420 (5). Therefore, Plaintiff has standing to enforce the Note and Mortgage.[1]

The motion to dismiss as it relates to the claim of a breach of duty of good faith appears to focus on the timing of filing of witness and exhibit lists. In this matter, no discovery was conducted and neither party made any request of the court related to any discovery disputes or motions to continue the trial that were related to witness or exhibit

---

[1] The court has analyzed the other requirements related to a foreclosure action by separate order.

disclosures. When the court conducted a pretrial conference on January 7, 2022, the court ordered that any updates to witness or exhibit lists "must be filed at least 1 week prior to trial." In this matter, the Plaintiff filed witness and exhibit lists on February 24, 2022 and March 1, 2022, in compliance with the court's order. Further, Plaintiff's Supplemental Witness and Amended Exhibit list filed on March 1, 2022, specifically listed the Power of Attorney dated January 25, 2018 and included the Mortgage Servicing Rights Purchase and Sale Agreement. The court is left unclear as to precisely what other action Defendant is asserting was violative of the duty of good faith. The court finds that there has not been a showing that the Plaintiff violated the duty of good faith. *14 M.R.S. §6113(2).*

The Clerk is directed to enter this Order upon the civil docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: 1/10/2023

_____
Justice, Maine Superior Court